**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JIMMY LAIRD,**

           **Plaintiff,**

**-vs-**                                                   **Case No. 6:07-cv-1060-Orl-19DAB**

**ROYAL CUP, INC., HATTON SMITH,**

           **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

> **MOTION:**   **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT (Doc. No. 20)**
>
> **FILED:**     **December 12, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This is an action under the Fair Labor Standards Act. Plaintiff was an employee of the corporate defendant, and worked as a route manager. According to the papers, Plaintiff claimed that he was due unpaid overtime compensation. The parties have reached a settlement agreement, and seek Court approval of same.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

The Court convened a fairness hearing, and counsel appeared either in person or telephonically. All relevant terms of the settlement are undisputed and set forth clearly in the motion. Although the motion contains certain agreements and releases as exhibits, and these documents contain many extraneous covenants and agreements, for present purposes, the Court need address only the terms set forth herein.

Plaintiff has agreed to settle his claim of approximately $16,000.00 for $1,500.00, plus $3,500.00 in attorney's fees and costs. As discussed at hearing and set forth in the motion, although

the settlement agreed to is significantly less than the claim, Plaintiff's counsel articulated a rationale basis for the compromise (Defendant's position that, as a salaried managerial employee, Plaintiff was exempt from overtime compensation requirement), and in view of that explanation, the Court finds the settlement to be fair and reasonable.  The attorney's fee of $3,500.00 is within the range of fees normally awarded in such cases.  The parties have stipulated as to the reasonableness of the fee, and the Court agrees.

It is therefore **respectfully recommended** that the Court grant the motion, approve the settlement terms discussed herein, and dismiss the action accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 23, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy